UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETRC, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHELLE DULAY,<br><br>            Defendant. | No. 2:24-cv-02703-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendant Michelle Dulay's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Solano due to lack of subject matter jurisdiction and DENIES Defendant's Motion to Proceed in Forma Pauperis as moot.

///
///
///
///
///
///
///

1

1  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2  On August 13, 2024, Plaintiff SETRC, LLC ("Plaintiff") brought an action for unlawful

3  detainer against Defendant for possession of real property known as 170 Woodrow Avenue,

4  Vallejo, California 94591 (the "Property"). (ECF No. 1 at 40.) On October 1, 2024, Defendant

5  filed a Notice of Removal removing this unlawful detainer from the Solano County Superior

6  Court. (*See id.*)

7  **II.     STANDARD OF LAW**

8  28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the

9  district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is

10 proper only if the court could have exercised jurisdiction over the action had it originally been

11 filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

12 Courts "strictly construe the removal statute against removal jurisdiction," and "the

13 defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980

14 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time

15 determines that it lacks subject matter jurisdiction over the removed action, it must remedy the

16 improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer*

17 *v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544

18 U.S. 974 (2005).

19 Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. "The

20 presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

21 rule,' which provides that federal jurisdiction exists only when a federal question is presented on

22 the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Federal

23 question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-

24 party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009),

25 *superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments, LLC*,

26 803 F.3d 635, 643 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1658, *and* 136 S. Ct. 1666 (2016);

27 *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

28 ///

**III.	ANALYSIS**

Defendant removed this action on the basis of federal question jurisdiction. (ECF No. 1 at 3–4.) To support her claim of federal question, Defendant argues Plaintiff is in violation of 12 U.S.C. § 3708, as well as its implementing regulation 24 C.F.R. § 220.814. (*Id.* at 3.)

Despite Defendant's assertion, it is clear the Complaint itself contains only a single claim for unlawful detainer. (*Id.* at 40–42.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386. To the extent that Defendant asserts that references to 12 U.S.C. § 3708 and 24 C.F.R. § 220.814 amounts to federal question jurisdiction (ECF No. 1 at 3), she is incorrect. Plaintiff's claim is not being brought pursuant to either 12 U.S.C. § 3708 nor 24 C.F.R. § 220.814. Even if they did apply, however, it does not appear as though they would be part of Plaintiff's claim, but rather Defendant's defense. For Plaintiff's suit to "arise under" federal law, Plaintiff's "statement of [their] own cause of action" must "show[] that it is based upon [federal law]." *See Vaden*, 556 U.S. at 60–62.

Because the Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. As there are no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

**IV.	CONCLUSION**

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Solano and DENIES Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) as moot.

//

//

1       IT IS SO ORDERED.

2 Date: October 2, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE